

FILED by ___ D.C.
ELECTRONIC

**July 15, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:  08-22009-Civ-SEITZ/O'SULLIVAN

MERYL M. LANSON, individually,

    Plaintiff,

v.

HONORABLE JERI BETH COHEN,
Individually, and as Judge For the 11th
Circuit Court in and for Miami-Dade
County, Florida,

    Defendant.

_____/

### COMPLAINT UNDER THE AMERICANS WITH
### DISABILITIES ACT,  42 U.S.C. §12111 et. seq., TITLE II

COMES NOW the Plaintiff, MERYL M. LANSON, *Pro Se*, files this action for ADA

violation against the Defendant and states as follows:

### PARTIES

Plaintiff, Meryl M. Lanson is a citizen of the United States, a resident of Palm Beach

County, Florida, and more than eighteen years of age.

Defendant, Jeri Beth Cohen, is a citizen of the United States, a resident of Dade

County, Florida, and a Circuit Court Judge in the 11th Circuit Court in and for Miami-Dade

County, Florida, and more than eighteen years of age.

Meryl M. Lanson is acting in a Pro Se capacity in a State Court matter, Case No.:

99-21062-CA 15, *Norman Lanson, Meryl Lanson, and Baron's Stores, Inc., a Florida*

*Corporation, Plaintiffs, vs. Ronald C. Kopplow, Esq., Kopplow & Flynn, P.A., a Florida*

1

*Professional Association, Marc Cooper, Esq., Cooper & Wolfe, P.A., a Florida Professional Association, Sonya L. Salkin, Esq., and Malnik & Salkin, P.A., a Florida Professional Association.*

Judge Jeri Beth Cohen has been the Judge presiding over the case since March, 2008.

This is the proper jurisdiction for this lawsuit pursuant to 42 U.S.C. §12111 et. seq. and the Rehabilitation Act and Title II of the Americans with Disabilities Act. Actions for violations of Title II are to be filed in the Federal Court.

Title II of the Americans with Disabilities Act covers programs, activities, and services of public entities. It is divided into to subtitles.

Subtitle A is intended to protect qualified individuals with disabilities from discrimination on the basis of disability in the services, programs, or activities of all State and local governrnents. It additionally extends the prohibition of discrimination on the basis of disability established by Section 504 of the Rehabilitation Act of 1973, as amended, to all activities of State and local governments.

Meryl M. Lanson is a disabled person, suffering from a psychiatric injury causing emotional illness. It has been diagnosed as Post Traumatic Stress Disorder caused by Legal Abuse. The Plaintiff's ADA Report has been docketed in the Federal Bankruptcy Court, and is pending in the State Court action. (Exhibit 1). The Plaintiff's treating practitioner is Karin Huffer. (See C.V. attached to Exhibit 1) On Friday, June 13, 2008, Defendant, Judge Jeri Beth Cohen, was delivered a copy of Plaintiff's ADA Report. (Exhibit 2 - letter to Judge Cohen).

2

## **Background facts leading up to the ADA violations**

On May 30, 2008, during a Status Conference in the Plaintiff's State Court action, Judge Cohen berated Meryl Lanson for continuing to litigate against the Defendants, who were attorneys she trusted as members of the legal profession.

Judge Cohen informed the Plaintiff that "she knows this is the Plaintiff's life's work", which is highly inappropriate and demeaning, especially when Ms. Lanson has been fighting for the last ten (10) years to get what was wrongfully stolen from her, which has now led to her disability.

Further, Judge Cohen knowingly allowed and accepted fraudulent documents to be proffered in the State Court actions by the Defendants and their counsel, in support of their Motion for Summary Judgment.

Further, Judge Cohen denied the Plaintiff's right to discovery to determine which Defendants were responsible for the documents, which had been declared fraudulent by an independent expert witness. Most incredible is that, one of the Defendants counsel, Lauri Waldman Ross, who knew the documents were false, is a Special Counsel for the Judicial Qualifications Commission, and is acting as defense counsel for attorney, Marc Cooper, allowed Judge Cohen to violate the Judicial Canons, and remained silent.

After the May 30, 2008 Status Conference, Ms. Lanson was in such emotional shock when she left the hearing that she could not function for weeks and was barely able to get out of bed. Ms. Lanson became so consumed with thoughts of desperation that she filed her ADA Report with the State Court Coordinator, and had a copy hand delivered to Judge Cohen's chambers on June 13, 2008. (Exhibit 2).

–3–

## ADA Violations

Meryl M. Lanson's disability coordinator, Karin Huffer, has requested accommodations from the Federal Bankruptcy Court and the State Court through both the ADA Coordinator for the 11th Circuit Court and through Judge Cohen, by separate service on June 13, 2008.

Judge Cohen was put on notice on June 13, 2008, that ADA accommodations were needed. Attached Exhibit 1, section titled "ACCOMMODATIONS NEEDED", clearly outlines what accommodations are needed, such as "ALL MISINFORMATION IMMEDIATELY NEEDS TO BE CORRECTED ON THE RECORD."

Meryl M. Lanson, as a disabled person "must be able to rely on only the "substantiated facts" determining the courts decision. Further, "the misinformation causes her the greatest amount of stress."

On June 23, 2008, Judge Cohen ignored the requested accommodations and signed an Order that does not "derive from substantiated facts" and violated not only the Plaintiff's Constitutional Rights; but also her Request for ADA Accommodations. The Court has no right to stop written communications, in all forms, between defense counsel and Meryl Lanson, as a Pro Se litigant. (Exhibit 3 - Order)

Judge Cohen's decision to grant such an Order violates the requested accommodations regarding misinformation and discriminates against Mrs. Lanson, as a disabled person.[1]

_____

[1]A complete Report by Karin Huffer, in her capacity as Accommodations Designer, under the ADA, Title II, has been submitted to the Department of Justice seeking assistance and guidance in this matter (Exhibit 4).

–4–

As a result, Ms. Lanson's symptoms and disabilities declined to such a degree that she was placed on medication, as a result of severe anxiety and depression caused by Judge Cohen's Judicial conduct. Judge Cohen's June 23, 2008 Order violated Ms. Lanson's Pro Se status rights, causing additional exacerbation of her symptoms.

This misinformation, and the violation of Meryl M. Lanson's constitutional rights to full and complete access as a Pro Se, under F.S. 454.18, has caused additional injury and extreme stress, that has further exacerbated Meryl M. Lanson's disability, and gives rise to Meryl M. Lanson's claim of **discrimination and violation of Title II of the Americans with Disabilities Act by failing to give the requested reasonable accommodations that caused additional emotional and physical damages.**

Both the Rehabilitation Act and Title II of the Americans with Disabilities Act ("ADA") provide plaintiffs a right of action that does not require exhaustion of any administrative remedy before filing suit. Judge Cohen has no immunity.

Eleventh Amendment does not protect State Officials from claims for prospective relief when it is alleged that State Officials acted in violation of Federal Law. Judges cannot invoke judicial immunity for any acts that violate a litigants civil rights.

WHEREFORE the Plaintiff requests:

1. Damages to be awarded against the Defendant;

2. Reasonable accommodations while litigating this matter;

3. Any and other damages available under the Statute; and

4. A Jury Trial.

-5-

Meryl M. Lanson
Plaintiff, Pro Se
18652 Ocean Mist Dr.
Boca Raton, FL 33498
Telephone: 561-488-2740
Facsimile:  561-488-2861

By: _____
         Meryl M. Lanson, Pro Se

–6–

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

IN RE:
**BARON'S STORES, INC.**

**CASE NO.: 97-25645-BKC-PGH**
**Chapter 11 Proceeding**

Debtor.
_____/

## NOTICE OF FILING REPORT AND REQUEST FOR ADA ACCOMMODATIONS

COMES NOW, Meryl M. Lanson, Pro Se, files this Notice of Filing the "Report and Request for ADA Accommodations" by Karin Huffer, M.S., M.F.T., and requests this Court to provide or allow the accommodations requested in the attached Report, pursuant to the Americans with Disabilities Act, Title II. Any reasonable cost associated with providing any of the requested accommodations (such as video taping) will be paid by Meryl Lanson.

I HEREBY CERTIFY that on March /9, 2008, I filed the original of this document with the Court, which will be served through e-filing to all parties on the Service List.

Meryl M. Lanson, Pro Se
18652 Ocean Mist Drive
Boca Raton, Florida 33498
Telephone:   561-488-2740
Facsimile:    561-488-2861

By: _____
Meryl M. Lanson, Pro Se





EXHIBIT

## SERVICE LIST

Steven M. Katzman, Esq.
Katzman, Wasserman, Bennardini, P.A.
7900 Glades Road, Suite 140
Boca Raton, Florida 33434

Craig A. Rubinstein, Esq.
Katzman, Wasserman, Bennardini, P.A.
7900 Glades Road, Suite 140
Boca Raton, Florida 33434

Arthur J. Morburger, Esq.
19 W. Flagler Street, Suite 404
Miami, Florida 33130

Stephen M. Zukoff, Esq.
Law Office of Stephen M. Zukoff
19 West Flagler Street
Biscayne Building, Suite 211
Miami, FL 33130

Robert M. Klein, Esq.
Stephens Lynn Klein
Two Datran Center-PH II
9130 South Dadeland Blvd.
Miami, FL 33156

Lauri Waldman Ross, Esq.
Lauri Waldman Ross, P.A.
Two Datran Center, Suite 1612
9130 South Dadeland Blvd.
Miami, FL 33156

Heidi Feinman, Esq.
Office of the U.S. Trustee
51 S.W. First Avenue
Miami, FL 33130

Charles W. Throckmorton, Esq.
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134

Lewis N. Jack, Jr., Esq.
Josephs Jack & Miranda
2950 S.W. 27th Avenue
Miami, FL 33133

Reggie D. Sanger, Esq.
208 S.E. 9th Street
Ft. Lauderdale, FL 33136

Marc Cooper, Esq.
Colson Hicks Eidson, P.A.
225 Aragon Avenue, 2nd Floor
Coral Gables, FL 33134

Sonya Salkin, Esq.
1776 N. Pine Island Dr., Suite 216
Plantation, FL 33322

Lanson p 1 of 10

KARIN HUTTER, M.S., M.F.T.

2770 Maryland Parkway #414 Las Vegas, NV 89109

## Report and Request for Reasonable ADA Accommodations

This report is to be provided to the Access Coordinator for the American with Disabilities
Act for Federal Bankruptcy Court in Palm Beach County, Florida. In response to ABA
Resolution of 2002 urging equal access to the Courts, this report will outline reasonable
accommodations needed by Meryl Lanson during legal proceedings. The Americans
with Disabilities Act, Title II, prohibits discrimination on the basis of disability in all
services, programs, and activities provided to the public by State and local governments.
This request is intended to assist the Court to ensure equal access for Meryl Lanson.

**Client:**     **Meryl Lanson**

**Date:**        2/13/08

## Presenting Problem with Pertinent History

Meryl Lanson presents with anxiety, depression, and trauma. She feels disoriented and
stressed by having to continually respond to demands of the legal process that seem
irrelevant to the facts in her case as she knows them. Her time is forced into activities
that even defy the purpose of the judicial process. Resources are put into distorted
activities that do not facilitate a resolution or conclusion to her case.

For fourteen years, Ms. Lanson has litigated her case after losing her fifty-two year old
family owned and operated chain of retail stores that sold men's wear. She lost her
earned lifestyle. She needed restoration and rebalancing after the criminal assault.
Instead, the process she depended upon for that restoration has caused cumulative losses
and further burden. A white-collar crime, embezzlement, set the stage for more than a
decade of loss, trauma, and legal demands involving both the state court and the
bankruptcy court.

The quality of Meryl Lanson's life has been destroyed. Her energies and choices once
appropriately applied to motherhood, business acumen, contribution to her community,
and talents have been robbed by this 10 year devastating, legal process involving Baron's
Bankruptcy and subsequent legal malpractice actions. She describes being taken hostage
by a judicial system that does not stand by the law. She is consumed by litigation that
defies logic, the truth, is disorienting to her senses, and that is attacking her psyche in an
insidious way. She enters litigation with the truth, facts, and evidence

Email legalabuse@adelphia.net        Tel. 702.528.9588        www.legalabusesyndrome.com

Lanson p 2 of 10

that is forensically sound. She adheres to proper protocols and guidelines. Her opponent provides twisted misinformation that she believes has risen to the level of "fraud on the court." This cycle continues year after year misusing the law, the purpose of the court, common sense, rationality, and reality as Ms. Lanson knows it.

Meryl Lanson has waived certain rights to privacy allowing this consultant to reveal medical diagnoses at this time as part of the effort to secure reasonable and appropriate accommodations. The contents of this report are to be kept sealed as much as possible.

## Findings

Meryl Lanson is diagnosed with Complex Post Traumatic Stress Disorder (PTSD). It is important to clarify that Ms. Lanson suffers from a psychiatric injury, not a mental illness. Her condition is a normal reaction to an abnormal circumstance. If Ms. Lanson did not have PTSD, she would not be normal considering her state of affairs.

Post Traumatic Stress Disorder is disabling and potentially can last for a lifetime. She is exhausted from cumulative, and what appear to be, intentionally caused losses incurred as her litigation wears on year-after-year. She cannot abandon the litigation without violating her responsibilities and defying her deep-seated values. Her rights to use her publicly supported system is inalienable and critical to protecting herself and her family as well as the creditors and employees who have been damaged by the bankruptcy actions that have driven her litigation.

If Meryl Lanson's Court System is contorted by actions that are based on untruth, then the entire milieu surrounding her hearings is irrational according to Sissela Bok, *Lying: Moral Choice in Private and Public Life* (Bok, 1978). When legally established systems are used to create or further the trauma it is then called *Legal Abuse Syndrome* (Huffer, 1995). The actual diagnosis is Post Traumatic Stress Disorder (PTSD). PTSD/LAS is a psychobiosociolegal problem arousing the following changes in the PTSD sufferer. However, of the symptoms/effects listed below, the bolded entries currently apply to Ms. Lanson's case and have worsened dramatically in the past years. The italicized are being watched, but are not active at this time.

**Psychophysiological Effects**
    **Flashbacks**
    **Startle responses**
    **Hyper reactivity/ hyper arousal**
**Neurohormonal Effects**
    **Hyper vigilance, unable to relax or have peace due to intrusive thoughts/emotions**
    **Stress Hormones reduced and down-regulation of receptors – numb/exhausted**

Lanson p 3 of 10
Serotonin
    Ms. Lanson has had severe debilitating depression but presently is controlling the symptoms.
    Decreased activity inviting depression
    Medication helpful but LAS sufferers often resist medication. They feel a compulsion to affect societal correction and live with a sense of unfinished business.

**Memory**
    **Dissociation – She must use energy to fight the natural urge to deny the reality put before her. Traumatic intrusive thoughts threaten to crowd out the traumatic issue at hand during legal processes. While Ms. Lanson has a crisp and excellent memory, if she is unable to concentrate, critical information could be lost.**
    **Increased opioid response, a numbing hormone intended to protect the traumatized from pain must be overcome to deal with the legal issues at hand. It is an exhausting emotional "swim upstream" to stay focused and attentive in the courtroom.**
Neuroanatomical Effects
    Decreased hippocampal volume – The hippocampus can actually shrink if trauma is not relieved.
    **Decreased immune system inviting physical illness – shingles triggered by contact with attorneys, courthouse, legal documents.**
Physical Effects
    Weight gain or loss
    Inflammatory conditions
    Appetite problems
    **Insomnia – requiring medication to sleep** (Van der Kolk, 95.)

This Therapist/Consultant has worked with Ms. Lanson since 2003. Meryl Lanson is not a malingerer and has aggressively applied treatment protocols, worked to minimize her symptoms, and has done a heroic job of managing her traumatic stress while meeting all of her obligations under profound stress and strain. However, the traumatic stress incurred during the helpless moments of realizing that the "lie" is ruling the process, creates stressors that rise to the level of PTSD. At this juncture, Meryl Lanson has lost trust in the Judicial System, Attorneys in general, and does not enjoy the basic trust needed to function in a society.

The stress of depositions and testimony under oath is excessively stressful for an individual suffering from Post Traumatic Stress Disorder. However, in Meryl Lanson's case, her faith in the judicial system, and her extraordinary clarity and confidence in the truth has made some depositions a therapeutic experience. The attacks from opposing counsel trying to twist the truth was challenging, but she still felt a strong ability to manage her case during the depositions. This is a naturally therapeutic occurrence in

Lanson p 4 of 10

conflict resolution, However, after the discovery was completed, her truths were once again twisted causing a psychic injury. Meryl Lanson stated:

> ...*the most relaxed I have ever been was during my deposition testimony in the legal malpractice action and at the evidentiary trial in bankruptcy court. It was a cathartic experience that the truth was finally being told. I didn't want to get off the stand because I wanted the Judge, who I put my utmost faith in, to hear exactly what happened proved by the overwhelming evidence. What was the stressful part of it all was the attacks from the attorneys trying to twist my responses as well as sitting in utter disbelief during the attorneys depositions and trial at the ease they showed while lying under oath, and the attorneys stating in open court that they 'want to keep us from ever getting our money back and then the ultimate blow when the Judge ruled the way he did in spite of all the facts, evidence and supporting law. All this happening in court under the words 'we who labor here seek only the truth.'*

The endless legal game playing not the pure rigors of legal processes caused this litigant to react with PTSD. When injured by threat to ones integrity and safety the entire protective part of the brain forces the litigant into a "flight, fight, or freeze" response. Those three human responses are not effective in court or during discovery. "Fight" is a response to PTSD but in the court system, the fighting is done through verbal prowess. The above mentioned physiological changes cause the limbic system to go into a very basic survival mode. All ability to communicate verbally and sift self-protection through formal language is not possible without accommodations.

Legal Abuse Syndrome (LAS) is a specific category of PTSD. LAS results from bureaucracies and official agencies being abused usually by powerful entities that use the court to confuse and disorient rather than solve problems. Therefore, the targeted litigant has the added outrage of paying for the forum that is exacerbating his or her PTSD/LAS condition. Ms. Lanson clearly suffers from LAS, a specific subcategory of PTSD. Ms. Lanson has experienced the court.

## Mental Status Examination

Meryl Lanson is well oriented regarding time, place, and person. She dresses appropriately and presents herself with clarity, strength, and cooperation. She denies violent or suicidal ideation or plan. Meryl Lanson displays an above average level of intelligence. She demonstrates tight associations but suffers anxiety that triggers obsessive-compulsive symptoms in addition to symptoms of PTSD. She is expected to be a reliable historian in her case.

**Current Diagnoses and Discussion:**

Lanson p 5 of 10

| Axis I | Post Traumatic Stress Disorder, 309.81 |
|---|---|
| Axis II | NA |
| Axis III | Stress related somatic symptoms i.e. Shingles |
| Axis IV | Legal and bureaucratic abuses |
| Axis V | GAF prior to injury 85-90 |
| | GAF with stress from legal system 60-70. |

**Functional Interference with Major Life Activities/Lifelong Disability in the following areas:**

1) Meryl Lanson has difficulty at times sustaining concentration during litigation due to PTSD psycho-physiological effects in the form of flashbacks – she cannot predict when emotionally intrusive thoughts will interfere with her verbal planning, verbal delivery during legal proceedings.

2) Meryl Lanson has panic attacks and cannot rest and recuperate due to PTSD symptoms including startle responses (she jumps when doorbell or fax machine rings.) She has hyper reactivity/hyper arousal – can't eat or sleep or digest food normally. All but the last couple of years she found it extremely difficult to open mail pertaining to her legal case, and would gather the family's mail blindly in a bag to be opened every week or so to condense the pain into one day rather than over a longer period of time.

3) Meryl Lanson has days of numbness and exhaustion. This is due to PTSD and Neurohormonal Effects causing a "down regulation" of neural receptors in her brain plus stimulation of opioids causing her to feel numb/exhausted.

4) Meryl Lanson is unable to withstand stress without triggering PTSD symptoms of panic attacks and depression. She has moments of being unable to remember the words that are spoken in Court, not due to memory issues, but due to her body's chemical responses to trauma.

*MERYL M. LANSON*

## Accommodations Needed

1) Meryl Lanson cannot enter the Courtroom, attorneys' offices nor can she be in the presence of legal proceedings without flashbacks – emotionally charged, intrusive thoughts, and exhaustion. **Ms. Lanson needs to be allowed to take breaks during proceedings.**

2) **Meryl Lanson must videotape all legal proceedings**. She must be able to revisit, with instantaneous control, her visual self in the Courtroom during proceedings. This feedback is critical to her ability to process the cumulative trauma that she sustains due to the unrelenting nature of her prolonged and

Lanson p 6 of 10

       protracted litigation. Ms. Lanson will provide a professional cameraperson to
       ensure unobtrusive filming so as not to distract or interfere with proceedings.
       <u>This real time feedback will make all the difference allowing Meryl Lanson to
       apply the treatment protocols and minimize her symptoms during proceedings and
       in preparation for legal proceedings.</u>

3) Meryl Lanson's PTSD, specifically neurohormonal effects, cause a down
   regulation of neural receptors in the brain plus stimulation of opioids. This causes
   her to feel numb/exhausted from PTSD/LAS during legal proceedings. Right at
   the time she needs to be alert and attentive to every word being spoken, she
   becomes symptomatic. **She may need an advocate present with her in
   addition to taking breaks and reviewing her visual and auditory
   performance.**

4) **Meryl Lanson may need extended deadlines** to complete paperwork and
   research for her case because the intrusions cause her to be symptomatic when she
   has to research and remember in the context of defending herself against untruths
   arousing severe anxiety.

5) **Meryl Lanson needs all misinformation immediately corrected on the record.**
   The feeling of helplessness and disorientation sustained when misinformation
   jeopardizes the trier of fact's ability to perform concerning the critical job of
   making a fair decision greatly exacerbates PTSD. It is the ultimate trauma
   placing a person in jeopardy and keeping them helpless. Meryl Lanson must be
   able to rely on the only substantiated facts determining the court's decisions.
   Meryl Lanson will provide substantiation of any misinformation to be corrected
   and will limit this accommodation to critically pertinent information that would
   prevent the trier of fact from a fair and true judgment. The misinformation causes
   her the greatest amount of stress. The fact that the attorneys routinely engage in it
   as "business as usual" to win, no matter what and who is destroyed, literally
   shocks her conscience and drives her beyond her realm of comprehension.

## Summary and Conclusions

Meryl Lanson has shouldered a monumental legal and family burden for fourteen years.
She is not an attorney, but has managed all legal matters in this case. Meryl Lanson
protects her husband who is elderly fearing the litigation stress may cause his death.
Meryl Lanson suffers every day over her husband being deprived of his carefully and
conservatively planned golden years. Their only son, who will graduate from high school
next year, knows no life apart from the stressors of litigation.

Anxiety and stress has risen to the level of severe PTSD for Meryl Lanson. No one can
put a price on Post Traumatic Stress Disorder. The traumatic event destroys happy
memories from the past, it consumes the present and prevents the future from being

Lanson p 7 of 10

planned and executed. It is the nebulous taking of a life. Whether recklessly caused or intentionally caused, there is no fair price that makes up for the loss of the quality of a life.

Human beings do not choose their disabilities nor can they deny them. That is why in 2002, The American Bar Association published their article urging equal access to the Courts for individuals with disabilities. That includes the unseen disabilities such as Post Traumatic Stress Disorder, Depression, Chronic Fatigue Syndrome, deafness, and any other invisible condition that causes a disruption in functionality.

In the context of this case, Meryl Lanson suffers a psychiatric injury caused by the abuses of the legal system she turned to for a resolution to her problem. She has thus far been denied a jury of her peers, which is denial of access to what was a cornerstone of her belief system regarding the judicial system. Attorneys, whom she trusted to be professional, abide by their ethical codes, and comport their opposition or advocacy within the tenets of good faith and fair dealing, have engineered abusively stressful legal events that would produce trauma in the strongest of litigants. That type of intentional human-on-human traumatic stress is much more difficult to overcome than one resulting from natural disasters. A DSM-IV field trial for PTSD studied 395 traumatized treatment-seeking subjects and 125 non-treatment-seeking subjects who had also been exposed to traumatic experiences. Subjects who developed PTSD after interpersonal traumas as adults had significantly more symptoms than victims of disasters did.

Respectfully submitted,

Karin Huffer, M.S., M.F.T.
C.V. enclosed

Lanson p 8 of 10

## Citations and Recommended Reading

American Bar Assoication MPDLR 26:5 September/October 2002, pp 772-774.

Allen, Sally, A reporter for *The Oklahoman Newspaper*, March 28, 2005  Anti-News Editor NewsOK.com.

American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 4th end, revised (DSM IV-R) APA, Washington D.C., 1994.

Baker, Claudia, M.S.W., MPH & Alonso, Cessie, LCSW. Forensic Validity of a PTSD Diagnosis Department of Veterans Affairs National Center for PTSD.

Barak, A., & Buchanan, T. (2004). Internet-based psychological testing and assessment. In R. Kraus, J. Zack & G. Stricker (Eds.), Online counseling: A handbook for mental health professionals (pp. 217-239). San Diego, CA: Elsevier Academic Press.

Barak, A., & English, N. (2002). "Prospects and limitations of psychological testing on the Internet." *Journal of Technology in Human Services*, 19 (2/3), 65-89.

Bard, Morton, and Dawn Sangrey. *The Crime Victims Book*. New York: Brunner/Mazel, Inc., 1986.

Bok, Sissela. *Lying: Moral Choice in Public and Private Life*. New York,. Pantheon Books, 1978.

Bremner, JD, Narayan, M (1998): "The effects of stress on memory and the hippocampus throughout the life cycle: Implications for childhood development and aging." *Develop Psychopath* 10:871-886.

Brown, James T. "Avoiding Litigation Neurosis: A Practitioner's Guide to Defending Post Traumatic Stress Disorder Claims." *The American Journal of Trial Advocacy*. Vol. 20, Number 1, Center for Advocacy and Clinical Education, Cumberland School of Law, Samford University, Birmingham, AL, Fall 1996

Goleman, Daniel. "Key to Post Traumatic Stress Lies in Brain Chemistry, Scientist Finds." *New York Times*, 12 June 1990.

Herman, Judith L. *Trauma and Recovery*. New York: Basic Books, 1997.

Huffer, Karin, M.S,, M.F.T. *Overcoming the Devastation of Legal Abuse Syndrome*. Fulkort Press, Las Vegas, NV, 1995 pp 20-26, 69-77.

Lanson p 9 of 10

Hurder, Alex J. "ABA Urges Equal Access to Courts for Individuals with Disabilities."
September/October, 2002 26:5 MPDLR.

Johnston, Joni, Psy.D. "ShrinkRap, Investigating PTSD in Psychological Injury Claims"
LexisONE

Kinchin, David, *Post Traumatic Stress Disorder: the invisible injury, 2001 edition*,
Success Unlimited, UK 2001,

Legal Victims Assistance Project Report, 2007, Congressional District Programs 501 ©
3. fraudonthecourt.blogspot.com.

Neustein, Amy & Lesher, Michael. *From Madness to Mutiny*. The Northeastern
University Press, Boston, MA: 2005
Why zebras don't get ulcers: an updated guide to stress, stress-related diseases, and
coping, Robert M Sapolsky, Freeman, 1998, ISBN 0-7167-3210-6

Scaer, , Robert C MD *The Body Bears the Burden: Trauma, Dissociation and Disease*,
The Haworth Medical Press, NY, 2001.

*The European Journal of Work and Organizational Psychology* (EJWOP), 1996, 5(2),
(whole issue devoted to bullying and its effects, including PTSD.) Published by
Psychology Press, 27 Church Road, Hove, East Sussex BN3 2FA, UK.

O'Brien, Dr John T, MRC Psych, British Journal of Psychiatry, *The 'glucocorticoid
cascade' hypothesis in man: prolonged stress may cause permanent brain damage*,
Department of Psychiatry and Institute for the Health of the Elderly, University of
Newcastle (1997), 170, 199-201.

Tuttle, David, Cortisol - *Keeping a Dangerous Hormone in Check*, LE Magazine July
2004.

Keane, T.M., P.F. Malloy and J.A. Fairbank). "Empirical development of an MMPI
subscale for the assessment of combat-related post-traumatic stress disorder." *Journal of
Consulting and Clinical Psychology*, 52, 888-891.

Nadel, L., & Jacobs, W.J. "The Role of the Hippocampus in PTSD, Panic, and Phobia."
In Nobumasa Kato, ed. *Hippocampus: Functions and Clinical Relevance*. Amsterdam:
Elsevier, 1996.

Reese, James, James Horn, and Christine Dunning. *Critical Incidents in Policing*.
Washington, D.C.: U.S. Department of Justice, 1991.

Lanson p 10 of 10

Pert, Candace, Phd. *The Molecules of Emotion*, New York: Scribner Books, 1999.

Selye, Hans. *The Stress of Life*. New York: McGraw-Hill, Inc., 1956.

Van der Kolk, Bessel, M.D. Yehuda, Rachel, Ed. *The Assessment and Treatment of Complex PTSD* Chapter 7, Traumatic Stress, American Psychiatric Press, 2001

Van der Kolk, Bessel, "In the Eye of the Storm," *The Psychotherapy Networker*, Jan/Feb 2004 pp45, 66.

Van der Kolk, Bessel A., Alexander C. McFarlane, and Lars Weisaeth, Eds. *Traumatic Stress*. New York: Guildford, 1996.

Zegan, L.S. *Handbook of Stress, Theoretical and Clinical Aspects*. Ed. Goldberger and Breznitz, New York: Free Press, 1982

# Curriculum Vitae

## Karin D. Huffer, M.S., M.F.T.
Licensed Marriage and Family Therapist
Child and Adult Post Trauma Stress
2770 Maryland Parkway, #414, Las Vegas, NV 89109
email: legalabuse@adelphia.net
facsimile: 702-734-2274
telephone: 702-528-9588

Licensing:  Marriage and Family Therapy State Board of Marriage and Family Therapists NV #0082
Counselor Nevada Department of Education
Clinical Member AAMFT
Certified EMDR Therapist

Education:  M.S. University of Nevada, Las Vegas, Nevada 1972, major, Psychology
B.S. University of Idaho, Moscow, Idaho, 1963, major, Psychology

### Professional Instructor and Special Experiences:

1983~1992  I conducted more than 200 presentations to peers regarding ethics violations, legal abuses
resulting from power differential in the interaction of human beings and the systems they
encounter. I served as Instructor for Chapman College, La Salle University, and
University of Las Vegas Nevada Extension Divisions and presenter as part of "Life
Span" speakers program and special seminars HCA Montevista Psychiatric Hospital in
Las Vegas, Nevada.

1995~2000  Consultant for U.S. Attorney's Office and FBI in a joint effort establishing "FIRST,"
(Financial Institution Robbery Support Task Force) to assist victims of bank robberies

2006~2007  Consultant Congressional District Legal Victims Assistance Project, 501-3C Corp.
National Heritage Foundation; Redress Inc. 501-3 Corp.

### Employment

1963~2003  Clark County School District, Las Vegas, Nevada, Counselor
Americans with Disabilities Act Liaison for Section 504 and IDEA, Special Education
and Alternative Education

1972~present  Private Practice in Marriage and Family Therapy – with emphasis on post trauma stress

1985~present  I author and research Post Trauma Stress resulting from ethics violations and forensic
trauma. My research has broken new ground revealing psychological and general health
consequences resulting from ethical and legal violations and involvement in our court
system. The thesis tested is that Legal Abuse Syndrome is put forth as a subcategory of
Posttraumatic Stress Disorder.

### Expert Witness

I have been accepted as an expert witness in the states of: Nevada, California, Michigan,
Massachusetts, Alaska, Arizona, Alabama, and Florida,.

1

### Professional Memberships

American Association of Marriage and Family Therapists (AAMFT) Clinical Member
Nevada Association of Marriage and Family Therapists (NAMFT) Clinical Member
Phi Delta Kappa, Educational Fraternity
EMDRIA Professional Association Eye Movement Desensitization and Reprocessing

### Written Works and Publications

1993~1995    Unpublished, "Soul Murder of the American Dream," a work outlining a metamorphosis
             in the judicial system leaving seekers of justice without the resources they expect.

1994         Published for peer review only, Legal Abuse Syndrome, proposing protocols for assisting
             those encountering ethical and forensic stress. This work broadens the concept of Legal
             Abuse Syndrome to all bureaucratic systems representing power differential.

### Published Works

1995         Overcoming the Devastation of Legal Abuse Syndrome, 234-page text, self-
             help/textbook.
1995~2003    Editor and columnist, "Dear Karin," for biweekly magazine, Nevada Woman.
1996~1997    Columnist, "The Human Side," for Risk Management magazine, national circulation.
Fall 2005    Article "Legal Abuse Syndrome: Fact or Fad" Diogenes The Magazine, national
Jan-2007     Research results presented and published, "Survey of Family Court Litigation
             Participants Measuring Perceived Legal Abuses and Public Health Risk."

1995~2007    Presentation of Published Works

### Conventions

Advanced Applied Ethics and Protocols for Psycholegal Trauma, Seattle, WA
Presentation of research results at "Battered Mothers Custody Conference", Albany, NY
American Association of Law Librarians, Indianapolis, IN
National Organization for Victims Assistance, Los Angeles, CA and Orlando, FL
Eye Movement Desensitization and Reprocessing International Convention, LV, NV.
American Association of Marriage and Family Therapists, Reno, NV
Nevada Association of Marriage and Family Therapists, Reno, NV
National School Dropout Prevention Network, New Orleans, LA

### Radio and Television:

*Charles Grodin Show, New York City, NY*
*Philadelphia Live, Philadelphia, Pa*
*Talk America,*
*Pat Choate Show, Cincinnati, OH*
*Mike Seigle Show,*
*Scott Greene Show (Los Angeles, CA),*
*Les Winston Show (Miami. FL)*

2

## Post-Masters Continuing Education in Traumatic Stress

| Course | Sponsor | Date | Credits |
|---|---|---|---|
| *Ethics Protocols* | | | |
| *Psycholegal Trauma* | Seattle/EMDR Cons. | 5/07 | 6 |
| *Psych Neuroscience* | Internat'l Trauma Conf. | 6/05 | 23.5 |
| *PsychCOlegal Trauma* | NV Board/MFT6/04 | | 06 |
| *Addiction strategies* | UNR | 6/03 | 16 |
| *EMDR/trauma* | EMDR Institute | 5/02 | 34 |
| *Section 504* | Prof development network | 3/02 | 06 |
| *ADA* | Lorman psycho-education | 3/00 | 06 |
| *PTSD/ADA* | NOVA | 9/99 | 03 |
| *Applied/EMDR* | EMDR Institute | 8/99 | 08 |
| *Child abuse trauma* | NV health educ. centers | 5/99 | 12 |
| *Creative problem solutions* | Career track | 11/99 | 11 |
| *Improving Odds in Court* | NOVA | 8/97 | 03 |
| *Posttraumatic stress* | UNLV (seminar hrs) | 8/97 | 03 |
| *Stress solutions* | Career track | 11/97 | 06 |
| *DSM IV* | NV State board MFT | 8/97 | 08 |
| *Special education law project* | NV State | 7/97 | 15 |
| *What to do about LAS?* | HCA Montevista | 7/97 | 02 |
| *Healing legal abuse* | AAMFT State convention | 6/96 | 10 |
| *Judge/therapist Teams* | AAMFT convention | 11/95 | 05 |
| *Legal aspects counseling* | AAMFT convention | 11/95 | 06 |
| *Neuro-cognitive Disorders* | AAMFT convention | 11/95 | 02 |
| *Family healing* | UNLV | 6/94 | 16 |
| *Sexual harassment* | HCA Montevista | 3/94 | 10 |
| *Families political muscle* | AAMFT sem | 8/93 | 10 |
| *Dysfunctional family* | BADA | 3/92 | 06 |
| *Litigation stress* | HCA Montevista | 2/92 | 09 |
| *Documenting psychotherapy* | Charter Hospital | 4/92 | 02 |
| *Kids Without conscience* | Charter Hospital | 9/91 | 03 |
| *Forgiveness* | NASW | 2/91 | 09 |
| *Posttraumatic stress* | HCA Montevista | 3/90 | 02 |

3

# MARY ALICE GWYNN, P.A.    ATTORNEY AND COUNSELOR AT LAW

- GENERAL CIVIL LITIGATION
- PROBATE AND TRUST LITIGATION
- FEDERAL LITIGATION

805 GEORGE BUSH BOULEVARD
DELRAY BEACH, FLORIDA 33483
TELEPHONE: 561-330-0633
FACSIMILE: 561-330-8778
E-MAIL: MGWYNNLAW@AOL.COM

June 13, 2008

The Honorable Jeri B. Cohen
Dade County Courthouse, Room 303
73 West Flagler Street
Miami, Florida 33130

      Re:    Lanson v. Kopplow, et al.
              Case Number:  99-21062 CA 21

Dear Judge Cohen:

    Enclosed please find a copy of the Plaintiffs' Motion for Rehearing of the Court Order Denying Meryl Lanson's Motion for Disqualification and/or Recusal.  The original has been filed with the Clerk.

    Also enclosed is a copy of the Plaintiff, Meryl Lanson's Notice of Filing Report and Request for ADA Accommodations.

                      Respectfully submitted,

                      Mary Alice Gwynn

MAG/psa
cc: Robert M. Klein, Esq.
    Lauri Waldman Ross, Esq.
    Lewis N. Jack, Jr., Esq.
    Charles W. Throckmorton, Esq.
    John B. Thompson, Esq.
    Meryl M. Lanson, Pro Se



IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT OF FLORIDA IN
AND FOR MIAMI-DADE COUNTY

GENERAL JURISDICTION DIVISION

NORMAN LANSON,
MERYL LANSON, and
BARON'S STORES, INC., a Florida
Corporation,

CASE NO.: 99-21062 CA 15

Plaintiffs,

**FILE COPY**

vs.

RONALD C. KOPPLOW, ESQ.,
KOPPLOW & FLYNN, P.A., a Florida
Professional Association, MARK
COOPER, ESQ., COOPER & WOLFE, P.A.,
a Florida Professional Association,
SONYA L. SALKIN, ESQ., and
MALNIK & SALKIN, P.A., a Florida
Professional Association,

Defendants.
_____/

## NOTICE OF FILING REPORT AND REQUEST FOR ADA ACCOMMODATIONS

COMES NOW, Meryl M. Lanson, Pro Se, files this Notice of Filing the "Report and

Request for ADA Accommodations" by Karin Huffer, M.S., M.F.T., and requests this Court to

provide or allow the accommodations requested in the attached Report, pursuant to the

Americans with Disabilities Act, Title II. Any reasonable cost associated with providing any of

the requested accommodations (such as video taping) will be paid by Meryl Lanson.

I HEREBY CERTIFY that on June **13**, 2008, I filed the original of this document with

the Court, which will be served through e-filing to all parties on the Service List.

> Meryl M. Lanson, Pro Se
> 18652 Ocean Mist Drive
> Boca Raton, Florida 33498
> Telephone:   561-488-2740
> Facsimile:   561-488-2861
>
> By: _____
>        Meryl M. Lanson, Pro Se

## SERVICE LIST

Robert M. Klein, Esq.
Srephens, Lynn & Klein
Two Datran Center, PH II
9130 South Dadeland Blvd.
Miami, FL 33156

Lauri Waldman Ross, Esq.
Lauri Waldman Ross, PA
Two Datran Center, Suite 1612
9130 South Dadeland Blvd.
Miami, FL 33156

Lewis N. Jack, Esq.
Joseph, Jack & Miranda, PA
P.O. Box 330519
Miami, FL 33233

John B. Thompson, Esq.
5721 Riviera Drive
Coral Gables, FL 33146

Mary Alice Gwynn, Esq.
805 George Bush Blvd.
Delray Beach, FL 33483

Charles W. Throckmorton, Esq.
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134

Reggie D. Sanger, Esq.
208 S.E. 9th Street
Ft. Lauderdale, FL 33136

Lanson p 1 of 9

# KARIN HUFFER, M.S., M.F.T.

2770 Maryland Parkway #414 Las Vegas, NV 89109

## Report and Request for Reasonable ADA Accommodations

This report is to be provided to the Access Coordinator         . In response to ABA Resolution of 2002 and the Americans with Disabilities Act, this report is intended to assist the Court to ensure equal access for Meryl Lanson by specifying reasonable accommodations. The following is compiled from telephone conferences, email correspondence, review of checklists, review of correspondence, legal documents, mental status examination, structured interviews and assessment, medical records and telephone contact with knowledgeable parties.

**Client:**      **Meryl Lanson**

**Date:**      6/13/08

## Presenting Problem:

Meryl Lanson presents with anxiety, depression, and trauma. She feels disoriented and stressed by having to continually respond to demands of the legal process that seem irrelevant to the facts as she knows them or the purpose of the judicial process. She feels drawn into distorted activities that do not facilitate a resolution or conclusion to her case.

For fourteen years Ms. Lanson has litigated her case after losing her fifty-two year old family owned and operated chain of retail stores that sold men's wear. She lost her earned lifestyle that went with it. A white-collar crime, embezzlement, set the stage for more than a decade of loss, trauma, and legal demands from bankruptcy court. The quality of her life has been wrung out. Her energies and choices appropriately applied to motherhood, business acumen and talents have been captured to serve the legal process as well.

She describes being taken hostage by a legal process that does not stand by the law. She is consumed by litigation that is disorienting to her senses and that attacks her psyche in an insidious way. She enters litigation with the truth, facts, evidence that is forensically sound, putting it to the court adhering to proper protocols and guidelines. Her opponent then provides twisted misinformation that she believes has risen to the level of "fraud on the court." This cycle continues year after year defying the law, the purpose if the court, common sense, rationality, and reality as Ms. Lanson knows it.

**Email** legalabuse@adelphia.net          **Tel. 702.528.9588**          www.legalabusesyndrome.com

Meryl Lanson has waived certain rights to privacy allowing this consultant to reveal medical diagnoses at this time as part of the effort to secure reasonable and appropriate accommodations. The contents of this report are to be kept sealed as much as possible.

Lanson p 2 of 9
**Findings**

Meryl Lanson is diagnosed with Complex Post Traumatic Stress Disorder (PTSD). It is important to clarify that Ms. Lanson suffers from a psychiatric injury, not a mental illness. Her condition is a normal reaction to an abnormal circumstance. If Ms. Lanson did not have PTSD, she would not be normal considering her state of affairs.

Post Traumatic Stress Disorder is disabling and potentially can last for a lifetime. She is exhausted from cumulative and what appear to be intentional losses incurred as her litigation wears on year-after-year. She cannot abandon it without violating her responsibilies and defying her deep-seated valuesdue to the all-consuming demands of dealing with the legal actions to protect herself and her family as well as the creditors and employees who have been damaged by the bankruptcy actions that have driven the litigation.

If those actions are based on untruth, then the entire milieu surrounding the legal actions is irrational according to Sissela Bok, *Lying: Moral Choice in Private and Public Life* (Bok, 1978.) When legally established systems are used to create or further the trauma it is then called *Legal Abuse Syndrome* (Huffer, 1995). The actual diagnosis it Post Traumatic Stress Disorder (PTSD). PTSD/LAS is a psychobiosociolegal problem arousing the following changes in the PTSD sufferer. This Therapist/Consultant has worked with Ms. Lanson since 2003. She has aggressively applied treatment protocols, worked to minimize her symptoms and has done heroic job of managing her traumatic stress while meeting all of her obligations under profound stress and strain. However, of the symptoms/effects listed below, the bolded entries apply to Ms. Lanson's case and have worsened dramatically in the past years. The italicized are being watched but are not active at this time.

**Psychophysiological Effects**
    **Flashbacks**
    **Startle responses**
    **Hyperreactivity/hyperarousal**
**Neurohormonal Effects**
    **Hypervigilance, unable to relax or have peace due to intrusive thoughts/emotions**
    **Stress Hormones reduced and down-regulation of receptors – numb/exhausted**
*Serotonin*
*Ms. Lanson has had severe debilitating depression but presently is controlling the symptoms.*
    *Decreased activity inviting depression*
    *Medication helpful but LAS sufferers often resist medication. They feel a compulsion to affect societal correction and live with a sense of unfinished business.*

Lanson p 3 of 9

## Memory

**Amnesia/dissociation**
**Numbness/confusion/avoidance**
**Increased opioid response to trauma related stimuli**
*Neuroanatomical Effects*
*Decreased hippocampal volume*
**Decreased immune system inviting physical illness – shingles triggered by contact with attorneys, courthouse, legal documents.**
*Physical Effects*
*Weight gain or loss*
*Inflammatory conditions*
*Appetite problems*
**Insomnia – requiring medication to sleep at times**. (Van der Kolk, *96)*

The stress of depositions and testimony under oath is excessively stressful for an individual suffering from Post Traumatic Stress Disorder. Although stressful for anyone, the rigors of legal processes for those with PTSD force the litigant into a "flight, fight, or freeze" response. Those three human responses are not effective in court or during discovery. "Fight" is a response to PTSD but in the court system the fighting is done through verbal prowess. The above mentioned physiological changes cause the limbic system to go into a very basic survival mode. All ability to communicate verbally and sift self-protection through formal language is not possible without accommodations.

Furthering the problem are the manipulative techniques used by lawyers as part of their litigation skills. The trauma from having misinformation skew legal proceedings becomes tempting for more unsavory attorneys to go so far as to use fraud on the court through tactics originally designed for terrorist interrogators to isolate the targeted person with the intent of breaking that person's psyche. Unfortunately, there are those cases that come before our criminal and civil courts wherein we find that those techniques are borrowed replicating the torture of disorientation and irrationality intended for the worst of criminals. Ms. Lanson's case seems to fit into this category with the length of the case and the intentional use of blatant misinformation. Ms. Lanson provides prolific and clear evidence that appears to support her position.

Legal Abuse Syndrome (LAS) is a specific category of PTSD. LAS results from bureaucracies and official agencies being abused usually by powerful entities who use the court to confuse and disorient rather than solve problems. Therefore, the targeted litigant has the added outrage of paying for the forum that is exacerbating his or her PTSD/LAS condition. Our court system is fragile and vulnerable to being misused by those who defy

Lanson p 4 of 9

the notion of justice. These kinds of abuses deprive individuals the services the agencies were established to provide.. Abuses of our fragile systems for justice literally deprive the disabled of access to the courts.

**Mental Status Examination:**

Meryl Lanson is well-oriented regarding time, place, and person. She dresses appropriately and presents herself with clarity, strength and cooperation. She denies violent or suicidal ideation or plan. Meryl Lanson displays an above average level of intelligence. She demonstrates tight associations but suffers anxiety that triggers obsessive-compulsive symptoms in addition to symptoms of PTSD that are triggered in the presence of reminders and immersion in her lawsuit. She is expected to be a reliable historian in her case.

**Current Diagnoses and Discussion:**

| | |
|---|---|
| Axis I | Post Traumatic Stress Disorder, 309.81 |
| Axis II | NA |
| Axis III | Stress related somatic symptoms i.e. Shingles |
| Axis IV | Legal and bureaucratic abuses |
| Axis V | GAF prior to injury 85-90 |
| | GAF with stress from legal system 60-70. |

**Functional Interference with Major Life Activities/Lifelong Disability in the following areas:**

1) Meryl Lanson cannot sustain concentration during litigation due to PTSD psycho-physiological effects in the form of flashbacks – emotionally intrusive thoughts interfere with her verbal planning, verbal delivery and memory during legal proceedings.

2) Meryl Lanson has panic attacks and cannot rest and recuperate due to PTSD symptoms including startle responses (she jumps when doorbell rings.) She has hyperreactivity/hyperarousal – can't eat or sleep or digest food normally and cannot open mail pertaining to her legal case.

3) Meryl Lanson  PTSD  Neurohormonal Effects cause down regulation of neural receptors in her brain plus stimulation of opioids causing her to feel numb/exhausted.

4) Meryl Lanson is unable to withstand stress without triggering PTSD symptoms of amnesia and dissociation. She is unable to remember the words that are spoken in

Lanson p 5 of 9

> Court, she is unable to connect the opponents' verbal case with her spontaneous responses during legal proceedings.

## Accommodations needed:

1) Meryl Lanson cannot enter the Courtroom, attorneys' offices nor can she be in the presence of legal proceedings without flashbacks – emotionally charged, intrusive thoughts, and exhaustion. Ms. Lanson needs to be allowed to take breaks during proceedings.

2) Meryl Lanson must videotape all legal proceedings. She must be able to revisit with instantaneous control her visual self in the Courtroom during proceedings. This feedback is critical to her ability to process the cumulative trauma that she sustains due to the unrelenting nature of her prolonged and protracted litigation. Ms. Lanson will provide a professional camera person to ensure unobtrusive filming so as not to distract or interfere with proceedings. This real time feedback will allow Meryl Lanson to apply the treatment protocols and minimize her symptoms during proceedings and in preparation for legal proceedings.

3) Meryl Lanson's PTSD, specifically neurohormonal effects, cause a down regulation of neural receptors in the brain plus stimulation of opioids. This causes her to feel numb/exhausted from PTSD/LAS during legal proceedings. Right at the time she needs to be alert and attentive to every word being spoken, she becomes symptomatic. She may need an advocate present with her in addition to taking breaks and reviewing her visual and auditory performance.

4) Meryl Lanson cannot timely and within deadlines complete paperwork and research for her case because the intrusions cause her to be symptomatic when she has to research and remember in the context of defending herself against untruths arousing severe anxiety. She searches for the law and evidence that effectively refutes lies and thus far finds none. She needs extended deadlines if requested.

5) Meryl Lanson needs all misinformation immediately corrected on the record. The feeling of helplessness and disorientation sustained when misinformation jeopardizes the trier of fact in the critical job of making a fair decision, greatly exacerbates PTSD. It is the ultimate trauma placing a person in jeopardy and keeping them helpless. Meryl Lanson must be able to rely on the facts to determine the court's decsions. Meryl Lanson will provide substantiation of any misinformation to be corrected and will limit it to critically pertinent information that would prevent the trier of fact from a fair and true judgment.

Lanson p 6 of 9
**Summary and Conclusions:**

Meryl Lanson has shouldered a huge burden for fourteen years. She is not an attorney, she Meryl Lanson suffers from severe PTSD. No one can put a price on Post Traumatic Stress Disorder. The traumatic event destroys happy memories from the past, it consumes the present and prevents the future from being planned and executed. It is the nebulous taking of a life. When recklessly caused or intentionally caused, there is no fair price that makes up for the loss of the quality of a life.

Human beings do not choose their disabilities or can they deny them. That is why in 2002, The American Bar Association published their article urging equal access to the Courts for individuals with disabilities. That includes the hidden disabilities such as Post Traumatic Stress Disorder, Depression, Chronic Fatigue Syndrome, deafness, and any other invisible condition that causes a disruption in functionality. In the context of this case, Meryl Lanson suffers a psychiatric injury caused by the abuse of the very legal system she turned to for a resolution to her problem. Attorneys who she trusted to be professional, abide by their ethical codes, and conduct opposition or advocacy within the tenets of good faith and fair dealing have engineered abusively stressful legal events that would produce trauma in the strongest of litigants. That type of traumatic stress is much more difficult to overcome than one that results from natural disasters. A DSM-IV field trial for PTSD studied 395 traumatized treatment-seeking subjects and 125 non-treatment-seeking subjects who had also been exposed to traumatic experiences. Subjects who developed PTSD after interpersonal traumas as adults had significantly more symptoms than victims of disasters.

Respectfully submitted,

Karin Huffer, M.S., M.F.T.

Lanson p 7 of 9

## Citations and Recommended Reading

American Bar Association  MPDLR 26:5  September/October 2002, pp 772-774.

Allen, Sally, A reporter for *The Oklahoman Newspaper*, March 28, 2005  Anti-News Editor NewsOK.com.

American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 4th end, revised (DSM IV-R) APA, Washington D.C., 1994.

Baker, Claudia, M.S.W., MPH & Alonso, Cessie, LCSW. Forensic Validity of a PTSD Diagnosis  Department of Veterans Affairs National Center for PTSD.

Barak, A., & Buchanan, T. (2004). Internet-based psychological testing and assessment.In R. Kraus, J. Zack & G. Stricker (Eds.), Online counseling: A handbook for mental health professionals (pp. 217-239). San Diego, CA: Elsevier Academic Press.

Barak, A., & English, N. (2002). "Prospects and limitations of psychological testing on the Internet." *Journal of Technology in Human Services*, 19 (2/3), 65-89.

Bard, Morton, and Dawn Sangrey. *The Crime Victims Book*. New York: Brunner/Mazel, Inc., 1986.

Bok, Sissela. *Lying: Moral Choice in Public and Private Life*. New York,. Pantheon Books, 1978.

Bremner JD, Narayan M (1998): "The effects of stress on memory and the hippocampus throughout the life cycle: Implications for childhood development and aging." *Develop Psychopath* 10:871-886.

Brown, James T. "Avoiding Litigation Neurosis: A Practitioner's Guide to Defending Post Traumatic Stress Disorder Claims." *The American Journal of Trial Advocacy*. Vol. 20, Number 1, Center for Advocacy and Clinical Education, Cumberland School of Law, Samford University, Birmingham, AL, Fall 1996

Goleman, Daniel. "Key to Post Traumatic Stress Lies in Brain Chemistry, Scientist Finds." *New York Times*, 12 June 1990.

Herman, Judith L. *Trauma and Recovery*. New York: Basic Books, 1997.

Huffer, Karin, M.S,, M.F.T. *Overcoming the Devastation of Legal Abuse Syndrome*. Fulkort Press, Las Vegas, NV, 1995 pp 20-26, 69-77.

Hurder, Alex J. "ABA Urges Equal Access to Courts for Individuals with Disabilities." September/October, 2002 26:5 MPDLR.

Lanson p 8 of 9
The International Society for Mental Health Online

Johnston, Joni, Psy.D. "ShrinkRap, Investigating PTSD in Psychological Injury Claims" LexisONE

Kinchin, David, *Post Traumatic Stress Disorder: the invisible injury,  2001 edition*, Success Unlimited, UK 2001,

Legal Victims Assistance Project Report, 2007, Congressional District Programs 501 © 3. fraudonthecourt.blogspot.com.

Neustein, Amy & Lesher, Michael.  *From Madness to Mutiny*.  The Northeastern University Press, Boston, MA:  2005
Why zebras don't get ulcers: an updated guide to stress, stress-related diseases, and coping, Robert M Sapolsky, Freeman, 1998, ISBN 0-7167-3210-6

Scaer, , Robert C MD *The Body Bears the Burden: Trauma, Dissociation and Disease*, The Haworth Medical Press, NY, 2001.

*The European Journal of Work and Organizational Psychology* (EJWOP), 1996, 5(2), (whole issue devoted to bullying and its effects, including PTSD.) Published by Psychology Press, 27 Church Road, Hove, East Sussex BN3 2FA, UK.

O'Brien, Dr John T,  MRCPsych, British Journal of Psychiatry,  *The 'glucocorticoid cascade' hypothesis in man: prolonged stress may cause permanent brain damage*, Department of Psychiatry and Institute for the Health of the Elderly, University of Newcastle (1997), 170, 199-201.

Tuttle,  David, Cortisol - *Keeping a Dangerous Hormone in Check*, LE Magazine July 2004

Keane, T.M., P.F. Malloy and J.A. Fairbank).  "Empirical development of an MMPI subscale for the assessment of combat-related post-traumatic stress disorder."  *Journal of Consulting and Clinical Psychology, 52*, 888-891.

Nadel, L., & Jacobs, W.J.  "The Role of the Hippocampus in PTSD,  Panic, and Phobia." In Nobumasa Kato, ed.  *Hippocampus:  Functions and Clinical Relevance*.  Amsterdam: Elsevier, 1996.

Reese, James, James Horn, and Christine Dunning.  *Critical Incidents in Policing*. Washington, D.C.: U.S. Department of Justice, 1991.

Pert, Candace, Phd.  *The Molecules of Emotion*, New York:Scribner Books, 1999.

Lanson p 9 of 9

Selye, Hans. *The Stress of Life*. New York: McGraw-Hill, Inc., 1956.

Van der Kolk, Bessel, M.D. Yehuda, Rachel, Ed. *The Assessment and Treatment of Complex PTSD* Chapter 7, Traumatic Stress, American Psychiatric Press, 2001

van der Kolk, Bessel, "In the Eye of the Storm," *The Psychotherapy Networker*, Jan/Feb 2004 pp45,66.

van der Kolk, Bessel A., Alexander C. McFarlane, and Lars Weisaeth, eds. *Traumatic Stress*. New York: Guildford, 1996.

Zegan, L.S. *Handbook of Stress, Theoretical and Clinical Aspects*. Ed. Goldberger and Breznitz, New York: Free Press, 1982

IN THE CIRCUIT COURT OF THE 11ᵀᴴ
JUDICIAL CIRCUIT IN AND FOR DADE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 99-21062 CA15

NORMAN LANSON, MERYL
LANSON and BARON'S STORES,
INC., a Florida corporation,

     Plaintiffs,

vs.

RONALD C. KOPPLOW, ESQ.,
KOPPLOW & FLYNN, P.A., a Florida
Professional Association, MARC
COOPER, ESQ., COOPER & WOLFE, P.A.,
a Florida Professional Association,
SONYA L. SALKIN and MALNIK &
SALKIN, P.A.

     Defendants.

_____/

## ORDER ON MAY 30, 2008 STATUS CONFERENCE

THIS CAUSE came on to be heard before the Court on May 30, 2008, for a Status Conference, and multiple pending motions, and the Court having heard argument of counsel, and being otherwise fully advised in the premises, it is hereby

ORDERED and ADJUDGED:

1.  Defendants have filed a Motion to Compel Plaintiffs to provide a more detailed and specific Witness List. The parties have agreed that Plaintiffs shall have until June 9, 2008 to provide an Amended Witness List which describes the nature of the testimony that is to be provided by each witness, and the issue to



EXHIBIT
3

*Order on May 30, 3008 Status Conf*          Dade Circuit Case No. 99-21062 CA15

which that testimony is germane. Defendants will have until <u>June 23, 2008</u>, to provide their list of fact witnesses.

2.    The Court also considered the Defendants' motions with regard to Ms. Lanson's *pro se* status. The parties have agreed that there will be no direct communication between Ms. Lanson and any of the Defendants or their counsel in this matter. All communications emanating from Ms. Lanson or any pleadings or papers that need to be served by Ms. Lanson shall be served through Mary Alice Gwynn, counsel for Mr. Lanson, or John B. Thompson, counsel for Baron's, Inc. Likewise, any communications emanating from the Defendants, or any pleadings or papers that need to be served upon Ms. Lanson shall be served through Ms. Gwynn or Mr. Thompson. Ms. Gwynn and Mr. Thompson shall be responsible for timely forwarding said communications or papers to Ms. Lanson or to Defendants' counsel, as the case may be.

3.    Plaintiffs' "Joint Motion to Strike Defendants' Motion for Summary Judgment As To All Claims Brought By 'Baron's Stores, Inc.' ... filed February 8, 2008, For Fraud On The Court," which was raised ore tenus at the Status Conference is DENIED, without prejudice.

4.    Sonya Salkin's Motion for Protective Order be and the same is hereby GRANTED.

5.    Plaintiffs have represented that they expect to file a Motion for Leave to Amend their Complaint, which will supercede the

*Order on May 30, 3008 Status Conf*      *Dade Circuit Case No. 99-21062 CA15*

pending Motion for Leave to Amend which was previously served in this matter.  Plaintiffs' Motion for Leave to Amend and proposed Amended Complaint shall be served and filed by August 1, 2008. Plaintiffs' Motion for Leave to Amend will moot Plaintiffs' pending Motion to Strike Affirmative Defenses.  Plaintiffs shall file their response to Defendants' Motion for Summary Judgment with regard to the claims that have been brought by Baron's, Inc., by August 1, 2008.  Defendants shall then have 30 days to file a reply.  Both (i) Plaintiffs' forthcoming new motion for leave to amend, and (ii) Defendants' "Motion for Summary Judgment As To All Claims Brought By "Baron's Stores, Inc." Or, In The Alternative, Motion to Strike "Baron's Stores, Inc." As A Party Plaintiff" shall be heard by the Court on Monday, September 8, 2008, at 8:30 am.  The Court has set aside two hours for a hearing on that date.

DONE AND ORDERED in Chambers at Miami, Dade County, Florida, this _____ day of _____, 2008.

SIGNED AND DATED
JUN 23 2008

_____
J.B. COHEN, CIRCUIT JUDGE JUDGE JERI B. COHEN

*Copies furnished to:*
Robert M. Klein, Esq.
Lewis Jack, Jr., Esq.
Lauri W. Ross, Esq.
Charles Throckmorton, Esq.
Reggie Sanger, Esq.
John B. Thompson, Esq.
Mary Alice Gwynn, Esq.

# KARIN HUFFER, M.S., M.F.T.

**3236 Mountain Spring Rd. Las Vegas, NV 89146**          *Success Through Access...*

July 11, 2008

RE:    Meryl Lanson
       URGENT GUIDANCE NEEDED AS TO Americans with Disabilities Act
       RE: ADA Compliance in State Courts avoided - denial of due process rights/rules

John L. Wodatch, Chief
U.S. Department of Justice
Civil Rights Division
Disability Rights Section - NYAV
950 Pennsylvania Ave. NW
Washington, DC 20530

Dear Mr. Wodatch:

On behalf of disabled client, Meryl Lanson, and in my capacity as a Licensed Marriage
and Family Therapist in the State of Nevada, serving as Accommodations Designer under
the Americans with Disabilities Act Title II, I bring to your attention the failure of Jeri
Beth Cohen, Judge, to allow Ms. Lanson access to legal proceedings in her Court.
Further, she denigrated this client and in an unprecedented (in my experience) Court
Order (Exhibit 1) defied the basic due process laws and rules governing attorney and
litigant behavior that form the foundation for the functionality of the litigant. This Judge
ordered that Ms. Lanson, Pro Se, was not to receive "service of documents" personally
but had to rely on her husband's attorney and her company's attorney to relay
communications from the opposition parties.  Please see the attached allowing a
protective order that virtually negates Ms. Lanson's basic rights as a Pro Se Litigant to
explore discovery regarding knowing fraudulent documents being brought into the court.

Ms. Lanson is a Pro Se litigant who suffers from Post Traumatic Stress Disorder.  Her
ability to verbally communicate, concentrate, research, hear and translate from legal
terms to plain English, and to quickly respond in Court without intrusive emotions and
traumatic thoughts prohibit her from access to the Court without accommodations.  The
American Bar Association urged all Courts to ensure access to the Court for every person
regardless of status or disability (Exhibit 2).  I do not take a position on legal cases nor
am I an attorney, although I do have attorney consultation.  My role is solely gaining
access to the court for my clients in litigation according to the rules and laws put before
us.  I AM NOT ASKING YOU TO TAKE ANY POSITION ON THE MERITS OF
THIS CASE OR COMMENT ON THIS CASE IN PARTICULAR.  I AM USING IT AS
AN EXAMPLE ILLUSTRATING MY QUESTION.

1

EXHIBIT

**4**

I am urgently seeking your guidance. This client is entitled to accommodations that are needed in order to function in a Court of law. The accommodations were properly submitted and granted by the ADA Site Coordinator. Then when the disabled client appeared in Court dependent on the accommodations in order to function, the Judge ignored her accommodations and arbitrarily blocked direct service of documents and discovery forcing a litigant with Post Traumatic Stress Disorder to show up in Court, unprepared, only to be shocked and surprised by the adversary. We serve clients from every state. We have never seen such blatantly demeaning behavior denying a citizen access to their Court. It is tantamount to the ADA Site Coordinator granting use of a wheelchair to a paraplegic only to have the Judge move the hearing to a third floor walk up court room reached only by climbing two flights of stairs. This is indirect exploitation of the disabled.

Please note that we submitted Ms. Lanson's request for ADA compliance through the proper channels as instructed (Exhibit 3). A follow-up letter was sent to the Judge (Exhibit 4). Although, it is my belief that Jeri Beth Cohen's Court is not in compliance with ADA law in its' failure to have a system to address ADA requests, nor to offer accommodations which are medically required WHAT I NEED FROM YOU IS ADVICE AS TO HOW I PROCEED UNDER THE ADA LAWS AND ABA RESOLUTION TO ENSURE THAT MY CLIENT HAS FAIR ACCESS TO THE COURT. Additionally, I can substantiate for a fact that Jeri Beth Cohen's actions have now caused Ms. Lanson's medical condition to worsen requiring emergency treatment leaving Ms. Lanson on medication for the first time in five years to cope with the trauma caused by this Court. HOWEVER, I AM LEFT NEEDING A PATH WHEN I SEE A CLIENT PUNITIVELY TREATED AND ABANDONED WITHOUT ACCESS RESULTING IN THEIR DISABILITY WORSENING.

We hold judges to the highest level of accountability and legal knowledge. Judge Jeri Beth Cohen knew or should have known her actions denied basic rights and stood to cause irreparable harm to Ms. Lanson. She knew, through medical evidence submitted, that Ms. Lanson is unable to participate in the legal arena without accommodations. SHE CHOSE TO PLACE A PRO SE LITIGANT IN A POSITION THAT IS SURE TO "BREAK" HER PSYCHE KNOWING THAT SHE HAS PTSD.

As you will see, the only possible ADA accommodation I can now request, based on Ms. Lanson's disability, is a stay of proceedings for her to recover and reposture and then to allow her a change of venue to act in compliance with ABA Resolution of 2002 urging access to the courts for all persons. I have never requested these kinds of accommodations because when normal rights are adhered to, the accommodations fall into place and I need not reach into such legal areas. I have stuck my neck out here. However, there can be no access if there is not trust and sensitivity for the disabled to allow them to function.

I CANNOT ETHICALLY ABANDON THIS CLIENT WITHOUT KNOWING FROM YOUR OFFICIAL POSITION WHAT HER RECOURSE IS AS A DISABLED LITIGANT.

2

If a judge is allowed to exacerbate a litigant's medical condition then the court room experience is one of being a hostage to a punitive trier of fact rather than the "level playing field" intended by the ADA and ABA. Jeri Beth Cohen has demonstrated her clear bias and prejudice against Ms. Lanson's case and her representation of herself. This has already caused great harm to Ms. Lanson. With an anxiety disorder, she will be profoundly distracted, intimidated, and hampered in her attempts to present her case before this Judge. Anyone witnessing Ms. Lanson after her Court Order and denigration by Judge Cohen would suspect that the continuation of this abuse of power differential may rise to the level of reckless endangerment if Ms. Lanson is further subjected to this Judge. I am advised that Judge Cohen is outside of jurisdiction when making judicial orders known to violate Ms. Lansons' medical advice, and therefore renders herself unfit to preside. She has no authority to overrule the physicians and other healthcare practitioners and the Court's ADA Site Administrator. And why would she want to? This gives rise to the appearance of impropriety of Judge Cohen; a collusion of sorts set to deprive Ms. Lanson of her ADA protections and right to due process and fairness in a court setting while it obviously is benefiting her adversaries.

After being deceived by her accounting firm of more than a decade followed by her comptroller and three licensed attorneys, her trust in professionals is shattered. She seeks relief in the court room and was shocked by the very Honorable Judge to whom she turned for help humiliating, intimidating, and criticizing her for persevering in her case. This Judge intentionally created a situation whereby Ms. Lanson cannot continue to effectively present her case in this Court. She further believes that judges who violate constitutionally-protected rights lose jurisdiction and that judges are without authority to waive a litigant's right to due process. It is her position that her adversaries perpetrated an extrinsic fraud upon the court and have used power differential to frustrate her efforts at obtaining a fair trial wherein she would have equal access to present her case.

Therefore, the question I need you to answer is that, as an Access Designer, how do I respond when a judge denies basic due process rights rendering the ADA Accommodations moot and the entire intent and letter of the ADA undermined leaving the client without fair access to the court? PLEASE RESPOND WITH YOUR BEST GUIDANCE. IF WE DO NOT HAVE EASY ANSWERS PLEASE OPEN THE DOOR TO CONSTRUCT A WAY TO HELP THE DISABLED TO HAVE ACCESS TO THEIR COURTS. I WOULD GLADLY PARTICIPATE IN SUCH A COMMITTEE. I am attaching my Curriculum Vitae offering any of my strengths for such a purpose. (EXHIBIT 5).

Sincerely,

Karin Huffer, M.S., M.F.T.
702-528-9588
www.legalabusesyndrome.org
email: legalabuse@gmail.com

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed C**

**July 15, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI
ELECTRONIC

## I. (a) PLAINTIFFS

MERYL LANSON, individually

**(b)** County of Residence of First Listed Plaintiff **PALM BEACH**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

PRO SE

## DEFENDANTS

JERI BETH COHEN, individually and as [...] the 11th Circuit in and for Miami Dade County, FL

County of Residence of First Listed Defendant **MIAMI-DADE**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

08cv22009-PAS/NO

(d) Check County Where Action Arose: ✓ MIAMI-DADE ❏ MONROE ❏ BROWARD ❏ PALM BEACH ❏ MARTIN ❏ ST. LUCIE ❏ INDIAN RIVER ❏ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

❏ 1 U.S. Government Plaintiff
✓ 3 Federal Question (U.S. Government Not a Party)
❏ 2 U.S. Government Defendant
❏ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ✓ 1 | ✓ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - Med. Malpractice | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal 28 USC 157 | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 365 Personal Injury - Product Liability | ❏ 625 Drug Related Seizure of Property 21 USC 881 | | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | ❏ 368 Asbestos Personal Injury Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 460 Deportation |
| ❏ 151 Medicare Act | ❏ 340 Marine | **PERSONAL PROPERTY** | ❏ 650 Airline Regs. | ❏ 830 Patent | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❏ 345 Marine Product Liability | ❏ 370 Other Fraud | ❏ 660 Occupational Safety/Health | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 690 Other | | ❏ 490 Cable Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ❏ 810 Selective Service |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 385 Property Damage Product Liability | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities Exchange |
| ❏ 195 Contract Product Liability | | | ❏ 720 Labor/Mgmt. Relations | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge 12 USC 3410 |
| ❏ 196 Franchise | | | ❏ 730 Labor/Mgmt.Reporting & Disclosure Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate Sentence | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 892 Economic Stabilization Act |
| ❏ 220 Foreclosure | ❏ 442 Employment | **Habeas Corpus:** | ❏ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ Accommodations | ❏ 530 General | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 240 Torts to Land | ❏ 444 Welfare | ❏ 535 Death Penalty | **IMMIGRATION** | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 895 Freedom of Information Act |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities Employment | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | ❏ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ❏ 290 All Other Real Property | ✗ 446 Amer. w/Disabilities Other | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus-Alien Detainee | | |
| | ❏ 440 Other Civil Rights | ❏ 555 Prison Condition | ❏ 465 Other Immigration Actions | | ❏ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

✗ 1 Original Proceeding
❏ 2 Removed from State Court
❏ 3 Re-filed- (see VI below)
❏ 4 Reinstated or Reopened
❏ 5 Transferred from another district (specify)
❏ 6 Multidistrict Litigation
❏ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ❏ YES ❏ NO    b) Related Cases ❏ YES ❏ NO

JUDGE _____ DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Violation of civil rights under 42 U.S.C. §12111 et. seq. and the Rehabilitation Act and Title II of the Americans with Disabilities Act.

LENGTH OF TRIAL via _3__ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ✓ Yes ❏ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
s/ _____

DATE _____

FOR OFFICE USE ONLY

AMOUNT 350.00    RECEIPT # 724467    IFP _____